IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION
| | |
|---|---|
| MARLENE LENORA GRANT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 112-107 |
| CAROL ROMERO, Police Officer, et al., | ) ) ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case on July 30, 2012, and paid the full $350.00 filing fee. Because she was proceeding *pro se*, the Court provided her with some basic instructions regarding the development and progression of this case. (Doc. no. 3.) In those instructions, the Court explained that Plaintiff is responsible for serving the defendants and explained how service could be accomplished. (Id. at 1-2.) Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), she had 120 days from the date the complaint was filed to accomplish service and that the failure to accomplish service could result in dismissal of individual defendants from the lawsuit. (Id. at 2.)

After the time in which to effect service had elapsed, and there was no evidence in the record that Defendants had been served, the Court directed Plaintiff to show cause why her case should not be dismissed without prejudice for failure to effect service. (Doc. no. 4.) On December 18, 2012, Plaintiff submitted a response, in which she informed the Court that she had hired "David Smith" through a "private investigative service" and paid him $300.00

to effect service on Defendants, but that he had failed to successfully do so. (Id. at 2.) In support of that contention, Plaintiff submitted along with her response a number of summons forms which, according to the somewhat incomprehensible return of service forms that were also provided, appear to have been served on two of the named Defendants. (Id. at 4-9.) However, those summons forms are unsigned and lack the Court's seal, and they are therefore invalid. See Fed. R. Civ. P. 4(a) (establishing that a summons must be signed by the clerk and bear the court's seal). In her response, Plaintiff also requested an extension of time within which to serve Defendants. (Doc. no. 4, p. 2.) Notably, the docket reflects that on December 18, 2012, the same day that Plaintiff filed her response to the Show Cause Order, she was issued properly signed summons forms bearing the Court's seal for each Defendant. (Doc. no. 6.)

On January 4, 2013, based on Plaintiff's response to the Show Cause Order, the Court granted Plaintiff an additional 60 days within which to effect service on Defendants. (Doc. no. 7.) The Court noted therein that, should Plaintiff fail to effect service on Defendants within that time period, any unserved Defendant may be dismissed without prejudice, or, if no Defendant was served, the entire action may be dismissed without prejudice. (Id. at 2.) On February 22, 2013, eleven days prior to the expiration of the extended deadline for service, Plaintiff submitted a motion requesting that the Court assist her in effecting service on Defendants. (Doc. no. 8.) In that motion, Plaintiff reiterates the same argument that she proffered nearly three months ago as grounds for an extension: that, although she attempted to effect service on the Defendants within the original 120-day time period, the investigator that she hired for that purpose failed to successfully do so. (Id. at 2.) Plaintiff additionally

2

asserts therein that she is currently indigent and unable to pay for service, although she has failed to provide any factual support for her claim of indigency, and the Court is aware that she was able to pay both the $350.00 filing fee for this case as well as $300.00 to hire Mr. Smith, the private investigator (id. at 2). Finally, Plaintiff requests in that motion that the deadline for effecting service on Defendants be extended yet again and that "service on the defendants [be] performed through the Court."[1] (Id.)

Now, the extended deadline by which Plaintiff was required to effect service on Defendants has passed, and there is no evidence that any Defendant has been served. As the Court explained in its December 11, 2012 Show Cause Order, under Federal Rule of Civil Procedure 4(m), courts have discretion to extend the time for service with no predicate showing of good cause. (Id. at 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).) Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There

---

[1] In a simultaneously entered Order, the Court has denied Plaintiff's motion.

is no evidence of either factor in this case.

Accordingly, the Court finds that it is not appropriate to further extend the time for effecting service.[2] The Court has warned Plaintiff on three separate occasions that failure to effect service upon Defendants would lead to dismissal of her case. (See doc. nos. 3, 4, 7.) Federal Rule of Civil Procedure 4(m) directs that, should a plaintiff fail to timely effect service, the Court "shall dismiss the action without prejudice." Moreover, Plaintiff has exhibited only the most cursory of efforts to effect service on Defendants, despite having now had more than 200 days within which to do so. Although she continues to assert that the private investigator that she hired in November of 2012 failed to successfully effect service (doc. no. 8, p. 2),[3] the fact remains that, subsequent to that failure, she was granted an additional 60 days within which to do so by other means. To all appearances, and according to her own explanation (id.), Plaintiff made no effort whatsoever to effect service within that additional time.[4] Moreover, the investigator's pre-extension failure to effect service does nothing to explain Plaintiff's failure to do so after the extension was granted.

---

[2]Notably, the Clerk's Office has mailed a deficiency notice to both Plaintiff and non-party Lynette Grant concerning prohibited e-mails related to this case that Lynette Grant has sent to Court staff. (See doc. no. 9.) As explained in that notice, those e-mails are entirely improper and have no effect upon Plaintiff's proceedings. Thus, they will not be addressed here.

[3]Additionally, the summons forms that the investigator *did* serve – on only two of the five named Defendants, notably – were entirely invalid due to being unsigned, lacking seals, and, as to one of the forms, being addressed to an entity other than the individual on which it was actually served. (See doc. no. 5, pp. 4-9.)

[4]Moreover, as noted above, Plaintiff's claim that she is indigent and therefore "cannot pay for service on defendants" (doc. no. 8, p. 2) is entirely unsupported by any evidence of such indigency, especially in light of the previous payments that she has made to initiate this case and to hire a private investigator.

Finally, the docket reflects that Plaintiff acquired valid summons forms for each Defendant from the Clerk's Office on December 18, 2012, the same day that she responded to the Court's Show Cause Order, indicating that she has now been in possession of those forms – without attempting to serve them on Defendants – for nearly three months. (See doc. no. 6.)

Accordingly, in the absence of *any* reason to further extend the time for service, it is appropriate to recommend the dismissal of Plaintiff's case. The Court therefore **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to timely effect service, and that this civil action be **CLOSED**. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 11th day of March, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE