IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MARLENE LENORA GRANT,          )
                               )
    Plaintiff,                )
                               )
v.                             )   CV 112-107
                               )
CAROL ROMERO, Police Officer, et al., )
                               )
    Defendants.               )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 13). In his R&R, the Magistrate Judge recommended the dismissal of Plaintiff's complaint based on her failure to timely effect service on Defendants. (See doc. no. 11.) In particular, the Magistrate Judge noted that, despite having been warned on multiple occasions that failure to effect service would result in the dismissal of her case, and despite having been allotted more than 200 days within which to do so – including one 60-day extension (doc. no. 7) – Plaintiff's sole effort at effecting service on Defendants was to hire a "private investigator" for that purpose in November of 2012. (See generally doc. no. 5.) As the Magistrate Judge also noted, Plaintiff was granted the 60-day extension well after the private investigator's failure to effect service, and yet failed to make any effort whatsoever

to effect service by other means within that additional time.[1] (Id.)

In her objections to the R&R, Plaintiff essentially argues that her case should be allowed to proceed due to her financial situation and due to the public policy implications of her allegations. (Doc. no. 13, pp. 1-2.) Plaintiff otherwise simply restates the allegations set forth in her complaint. (Id.) As to her financial situation, Plaintiff states that she is on food stamps, receives $200.00 per month, and resides in a senior housing complex, and she has provided documentation confirming the same. (Id. at 1-5.)

However, the fact of the matter is that Plaintiff is not proceeding *in forma pauperis* ("IFP") in this action – in fact, she paid both the $350.00 filing fee and $300.00 to hire a private investigator (see doc. no. 11, p. 3) – and, thus, her current financial situation does not relieve her of the responsibility of serving Defendants, nor does it excuse her failure to do so. In a recent similar case, the Eleventh Circuit affirmed the undersigned's holding where *pro se* plaintiff's case was dismissed based on her failure to effect service despite multiple warnings and an extension of time. See Dash v. Chasen, No. 12-12203, 2013 WL 106124, at *3-4 (noting that, while the court construes the pleadings of *pro se* litigants liberally, it still requires them to conform to procedural rules). As the Magistrate Judge noted in his R&R here, where a Plaintiff is not proceeding IFP, the Court may order the Marshal to effect service at its discretion, although the appropriateness of such direction is limited to circumstances where, for instance, a law enforcement presence appears to be

---

[1] For similar reasons, the Magistrate Judge simultaneously entered an Order denying Plaintiff's motion requesting that the Court provide assistance in effecting service on Defendants. (Doc. no. 10.)

necessary or advisable to keep the peace, or the action has been brought by the United States. See Rose v. Abraham, No. 1:08-CV-00606-AWI-SMS, 2008 WL 3540542, at *4 (E.D. Cal. Aug. 13, 2008). Moreover, courts should determine whether a plaintiff has exhausted other reasonable means of effecting service privately before directing the Marshal to effect service. Id. Here, the Court can ascertain no apparent reason why, for instance, Plaintiff could not have – at the very least – mailed waiver of service of summons forms to each Defendant per the instructions of the Magistrate Judge (doc. no. 3, pp. 1-2).

The Eleventh Circuit has held that good cause for failure to timely effect service exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (citing Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991)). Here, while good cause may have arguably existed in November of 2012 based on Plaintiff's reliance on the unsuccessful efforts of the private investigator that she hired, Plaintiff has provided no indication that she ever again attempted to effect service on any Defendants, despite her subsequent request for, and receipt of, a 60-day extension. In short, Plaintiff's failure to timely effect service is the result of her own "inadvertence or negligence" and not of some outside factor, in that she simply never exhibited anything more than the most cursory of efforts to effect service on Defendants, despite having been granted a considerable amount of time within which to do so. Thus, Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** without

prejudice for failure to timely effect service, and this civil action is **CLOSED**.

SO ORDERED this 23rd day of April, 2013, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA